IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIANNA CHIEVOUS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. |
| NRA GROUP, LLC, | ) ) ) ) |
| Defendant. | ) JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Brianna Chievous, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a personalized and concrete injury in the form of, among other things, Defendant's communication of false credit information about Plaintiff to

1

third parties, and Defendant's misrepresentation of the status of the alleged debt, causing that false information to be included in Plaintiff's credit report.

5. Plaintiff has thus suffered an injury because of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Brianna Chievous ("Plaintiff" or "Ms. Chievous"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to East River Medical Imaging for medical services used for personal purposes. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant, NRA Group, LLC ("NRA Group"), is a Pennsylvania based limited liability company with its principal place of business at 2491 Paxton Street, Harrisburg, PA 17111. It also does business under the name National Recovery Agency. It does or transacts business in Illinois, and its registered agent is CT Corporation Systems, which can be found at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

8. Defendant acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the

mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

9. Defendant also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Defendant is licensed as a debt collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial & Professional Regulation).

## FACTUAL ALLEGATIONS

11. Defendant has alleged that Plaintiff incurred a debt for an allegedly medical bill to East River Medical Imaging ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. Defendant has alleged that Plaintiff failed to pay the alleged debt, and that her account entered default.

13. Defendant NRA Group began attempting to collect the alleged debt from Plaintiff and began reporting it on Plaintiff's credit report in January 2017.

14. Plaintiff subsequently reviewed her credit report and noticed that NRA Group was reporting that she owed $471 on the alleged debt.

15. Plaintiff believed that this was inaccurate and that she did not owe that amount, and instructed her attorneys to notify NRA Group that she disputed the debt and was represented by counsel.

16. On or about October 31, 2018, Plaintiff, through counsel, faxed a letter to Defendant notifying it that Plaintiff disputed the alleged debt and that she was represented by counsel. (Exhibit C, October 31, 2018, Dispute Letter).

17. The letter constituted a dispute regarding the debt, and that dispute was communicated to Defendant.

18. Defendant received the dispute letter shortly thereafter.

19. On or about October 31, 2018, Defendant knew or should have known that Plaintiff disputed the accuracy of the debt.

20. On or about April 6, 2019, Defendant NRA Group communicated information regarding the alleged debt to the Equifax consumer reporting agency.

21. Defendant communicated, *inter alia*, an account balance, an account number, and a date reported. (Exhibit D, Excerpt from Plaintiff's Equifax Report).

22. Even though Plaintiff notified Defendant that she disputed the alleged debt, Defendant failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to Equifax regarding the alleged debt on or about April 6, 2019.

23. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

24. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

25. 15 U.S.C. § 1692e of the FDCPA also provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

4

> **. . . (8) Communicating or threatening to communicate to any person credit information which is known, or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

26. On or before April 6, 2019, Defendant knew or should have known that Plaintiff had disputed the alleged debt because Defendant received the dispute and reviewed it.

27. Even though Defendant knew or should have known, prior to April 6, 2019, that Plaintiff disputed owing the alleged debt, Defendant communicated credit information about Plaintiff to the Equifax consumer reporting agency, while omitting the fact that Plaintiff disputed that alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

28. The failure to mark a disputed debt as disputed will cause harm to a consumer and influence their actions regarding the debt. *Evans v. Portfolio Recovery Associates, LLC*, 889 F.3d 337, 349 (7th Cir. 2018). ("Put simply, the failure to inform a credit reporting agency that the debtor disputed his or her debt will always have influence on the debtor, as this information will be used to determine the debtor's credit score.").

29. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff re-alleges the previous paragraphs as if set forth fully in this count.

31. Defendant failed to communicate the fact of Plaintiff's dispute to the Equifax consumer reporting agency when communicating other information regarding the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

32. Because of the Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

WHEREFORE, Plaintiff asks that the Court enter judgment in her favor and against Defendant as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By:    /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
111 West Washington Street, Suite 1360
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

## DOCUMENT PRESERVATION DEMAND

    Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them.

    These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: s/ *Bryan Paul Thompson*

6

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Bryan Paul Thompson*